IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENTAL2U, LLC, an Ohio limited liability company, and PAUL GRANZIER, an individual,<br><br>              Plaintiffs,<br><br>vs.<br><br>LORIN C. BARKER, an individual; KENNETH W. BIRRELL, an individual; and KIRTON MCCONKIE, P.C., a Utah professional corporation,<br><br>              Defendants. | ORDER<br><br>Case No. 2:15-cv-732-TC |

Dental2U and its principal, Paul Granzier, Plaintiffs,[1] are in the business of providing mobile dental care to residents of nursing homes. In 2012, Dental2U retained the law firm of Kirton McConkie and two of its attorneys.[2] What specific legal work Dental2U asked Kirton to do is disputed. Dental2U later sued Kirton for legal malpractice, asserting claims of negligence and breach of fiduciary duty. Kirton has moved for summary judgment on all claims.

For the reasons set forth below, the court grants in part with prejudice and denies in part without prejudice Kirton's motion for summary judgment against Dental2U and grants Kirton's motion for summary judgment on Mr. Granzier's claims.

---

[1] Plaintiffs are collectively referred to as "Dental2U" except when specifically noted.
[2] Defendants are collectively referred to as "Kirton."

**STANDARD OF REVIEW**

A court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact" and that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should not be granted "if the dispute about a material fact is 'genuine,' that is, when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1251 (10th Cir. 2015). A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court must draw all reasonable inferences from the record in favor of the nonmovant. Id.

**ANALYSIS**[3]

I.  Kirton's Motion for Summary Judgment for Failure to Designate an Expert

Kirton contends that because Dental2U has failed to designate experts to testify about the standard of care that Kirton allegedly breached or about what harm Dental2U suffered as a result of Kirton's alleged breaches, Dental2U cannot establish the necessary elements of its claims and Kirton is entitled to summary judgment.

But Dental2U responds that its "claims against [Kirton] rise and fall on the simple question of whether defendants agreed to do certain legal research that defendants admit they did not do." (Pls.' Mem. in Opp'n to Defs' Mot. for Summ. J. Re: Failure to Designate Experts at 2, ECF No. 80.)

Dental2U maintains that the question of causation is similarly simple and does not require expert testimony. Because Kirton did not do the research it had agreed to do, "the Louisiana

---

[3] The court will give only those facts necessary to explain its decision.

department of insurance shut down plaintiffs' business in Louisiana . . . ." (Id. at 3.) Dental2U concludes its response: "And, in cases such as this one, where it is clear it is not beyond the understanding of a lay person to understand that having to cease doing, and therefore losing their, [sic] business in Louisiana was proximately caused by defendants' malpractice, expert testimony on the issue of proximate cause is not required." (Id. at 17.)

Dental2U has represented in its response that its claim of breach of the standard of care focuses only on Kirton's alleged failure to do the research it promised to do and that the only harm Dental2U claims was caused by Kirton was the loss of Dental2U's business in the state of Louisiana (as opposed to loss of business in other parts of the United States). Because the court finds that expert witness testimony is not necessary to decide those two issues, the court denies Kirton's motion, without prejudice, as to those narrow aspects of Denta2U's case. But summary judgment is granted to Kirton on all other claims or issues, that is, negligence and breach of fiduciary duty not related to the alleged failure to do the agreed-upon research.

Either party may file a motion for summary judgment on the question of failure of proof on or before July 23, 2018. Oppositions and replies will be due as set forth in Local Rule 7-1 of the Rules of Practice for the United States District Court for the District of Utah.

II.  <u>Kirton's Motion for Summary Judgment on Paul Granzier's Claims</u>

Mr. Granzier, in his personal capacity, alleges legal malpractice against Kirton. Kirton argues that the court should grant summary judgment on Paul Granzier's claims for negligence and breach of fiduciary duty because only Dental2U was Kirton's client, not Mr. Granzier. The court agrees.

The record shows that Mr. Granzier is the president of Dental2U and that he signed the retainer letter with Kirton in his capacity as president. (Letter from Kirton to Paul Granzier,

President of Dental2U, LLC (June 26, 2012) at 4, attached as Ex. D to Kirton's Mot. Summ. J. on Granzier Individual Claims, ECF No. 71-4.) Mr. Granzier did not sign an engagement letter in his individual capacity. (Rule 30(b)(6) Dep. of Paul Granzier Dep. at 90, attached as Ex. C. to Mot. Summ. J. on Granzier's Individual Claims, ECF No. 71-3.) Mr. Granzier never had Kirton draft any documents for him personally. (Id. at 91.) And Mr. Granzier was seeking legal advice for Dental2U, not for himself personally. (Id. at 90.)

For these reasons, the court grants Kirton's motion for summary judgment on Mr. Granzier's claims.

**ORDER**

1. Kirton McConkie's Motion for Summary Judgment Re: Failure to Designate Experts (ECF No. 69), is denied in part without prejudice and granted in all other respects with prejudice as described above.

2. Kirton McConkie's Motion for Summary Judgment on Paul Granzier's Individual Claims (ECF No. 71), is GRANTED.

SO ORDERED this 2nd day of July, 2018.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge